IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

FRANCIS STONE                                                                           PLAINTIFF

vs.                                           Civil No. 3:09-cv-03069

MICHAEL J. ASTRUE                                                                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Francis Stone ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an application for DIB on September 30, 2005.  (Tr. 10, 83).  In his application, Plaintiff alleged he was disabled due to Meniere's Disease[2], ulcerative colitis, and a pre-cancerous condition.  (Tr. 83, 93-94).  Plaintiff alleged an onset date of January 1, 1995.  (Tr. 10, 83).  This application was denied initially and again upon reconsideration.  (Tr. 20-21).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

[2] "Meniere's Disease" is "an inner ear disorder that produces vertigo, fluctuating sensorineural hearing loss, and tinnitus."  *The Merck Manual* 794 (18th ed. 2006).

1

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 19, 22-27). An administrative hearing was held on June 19, 2007 in Harrison, Arkansas. (Tr. 504-535). Plaintiff was present and was represented by counsel, Frederick Spencer, at this hearing. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Tanya Owen testified at this hearing. *Id.* On the date of this hearing, Plaintiff was sixty-one (61) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008)[3], and had completed high school. (Tr. 508).

On September 13, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-18). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 1997. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from his alleged onset date of January 1, 1995 through his date last insured of September 30, 1997. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: sensorineural hearing loss and Meniere's disease. (Tr. 12-14, Finding 3). The ALJ also determined none of Plaintiff's impairments, singularly or in combination, met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-16, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. (Tr. 14-16). Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record,

---

[3] On his alleged onset date, Plaintiff was fifty-one (51) years old, which is defined as a person closely approaching advanced age under 20 C.F.R. § 404.1563(d). (Tr. 16, Finding 7).

that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a wide range of medium work. More specifically, he could lift and carry 25 pounds frequently and 50 pounds occasionally; stand/walk/sit for 6 hours out of an 8-hour workday; could never climb scaffolds, ladders, and/or ropes; and never work around unprotected heights, dangerous equipment or machinery. He could perform no work activities involving excellence of hearing or telephone responsibilities; could perform no activities involving driving as part of his work; and should avoid walking or uneven surfaces.

(Tr. 14-16, Finding 5).

The ALJ evaluated Plaintiff's PRW ("PRW"). (Tr. 16, Finding 6). The ALJ determined Plaintiff's PRW included work as a maintenance engineer (semi-skilled, medium) and groundskeeper (unskilled, medium). *Id.* Based upon his RFC, the ALJ determined Plaintiff was unable to perform his PRW. *Id.* The ALJ also determined, however, that there was other work Plaintiff could perform in the national economy, considering his age, education, work experience, and RFC. (Tr. 17, Finding 10). The ALJ based this finding upon the testimony of the VE. *Id.*

The VE testified, considering all Plaintiff's vocational factors, a hypothetical person would be able to perform the requirements of representative occupations such as a hand packager (unskilled, medium) with 600 such jobs in the State of Arkansas and 106,000 such jobs in the national economy and as a dishwasher (unskilled, medium) with 1,700 such jobs in the State of Arkansas and 196,000 such jobs in the national economy. (Tr. 17). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, since January 1, 1995, his alleged onset date, through September 30, 1997, his date last insured. (Tr. 18, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968. On October 2, 2009, the Appeals Council declined to

review this unfavorable decision. (Tr. 2-4). On October 26, 2009, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 17, 2009. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 10, 12. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory

4

diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 10. Specifically, Plaintiff claims the following: (A) the ALJ erred by failing to properly develop the record during the relevant time period; (B) the ALJ's RFC determination is not supported by substantial evidence; and (C) the ALJ erred by failing to conduct any meaningful analysis with regard to whether he met or equaled the requirements of the

special sense and speech listings.[4] This Court will address all three of Plaintiff's arguments for reversal.

### A. Development of the Record

Plaintiff claims the ALJ erred by failing to properly develop the record in this case. ECF No. 10, Pages 6-7. Plaintiff claims the ALJ should have further developed the record during the relevant time period of January 1, 1995 (Plaintiff's alleged onset date) through September 30, 1997 (Plaintiff's date last insured). *Id.* Specifically, Plaintiff claims the ALJ did not seek to obtain records from the Veteran's Administration ("VA") that are dated from that time period. *Id.*

As an initial matter, this Court recognizes that the ALJ has the duty to fully and fairly develop the record. *See Payton v. Shalala,* 25 F.3d 684, 686 (8th Cir. 1994). This duty remains with the ALJ, even if the claimant is represented by counsel. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). This duty requires the record to be sufficiently clear to make a fair determination as to whether the claimant is disabled or not. *See Payton,* 25 F.3d at 686.

In the present action, it appears the ALJ made every effort to obtain medical records from the relevant time period in order to develop a complete record. The SSA requested Plaintiff's medical records from the VA. (Tr. 161). The VA sent those medical records to the SSA on October 14, 2005. *Id.* It does not, however, appear that any of those medical records are dated from the relevant time period. Plaintiff's attorney indicated during the administrative hearing in this matter that there may be additional medical records from the VA dated during the relevant time period. (Tr. 510-511). Plaintiff's attorney stated that he may need assistance in obtaining those documents, but he indicated

---

[4] As a final argument for reversal, Plaintiff seeks to have this case remanded for an award of benefits instead of this case being remanded for further development of the record. ECF No. 10 at 11-14. Because this Court find this case should not be reversed and remanded or reversed and rendered, this Court will not address this final argument.

6

that he would follow-up with the ALJ if such assistance was needed. *Id.* In response to the request for assistance and to provide Plaintiff's attorney additional time to locate the documents from the relevant time period and have them included in the transcript, the ALJ held the record open for a period of time. (Tr. 534).

Following the administrative hearing, Plaintiff's attorney supplied additional documents from the VA that are dated during the relevant time period, but none of those documents establish Plaintiff's alleged disability. (Tr. 492-503). For instance, these records demonstrate Plaintiff's lab results were normal and the MRI results of his skull and head were normal. *Id.* Such a failure to obtain documents demonstrating a disability within the time period specified by the ALJ indicates these documents are of minor importance. *See Shannon v. Chater,* 54 F.3d 484, 488 (8th Cir. 1995) (denying a remand because the claimant's attorney did not obtain or apparently did not attempt to obtain the medical records in question). Thus, because the ALJ properly considered the records before him and properly relied upon the documents Plaintiff's attorney supplied to him following the hearing, this Court finds the ALJ fully and fairly developed the record in this case, and there is no need to remand this case on this issue.

  **B.**  **RFC Determination**

Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record. ECF No. 10 at 8-9. Specifically, Plaintiff makes a two-part argument regarding the ALJ's RFC determination. *Id.* First, Plaintiff claims the ALJ's failure to develop the record resulted in an improper RFC determination. *Id.* As noted above, the ALJ did not err by failing to develop the record. Thus, this Court will not address this argument further. Second, Plaintiff claims the ALJ erred by failing to afford greater weight to the opinion of Dr. Vann Smith, Ph.D., who evaluated

Plaintiff on December 16, 2005. *Id.* Specifically, Dr. Smith found that, because of his limitations, Plaintiff would need to miss more than four days of work per month. *Id.* Plaintiff argues this finding supports his claim that he is disabled. *Id.*

This Court has reviewed the medical records in this case. Notably, the records dated from the relevant time period demonstrate Plaintiff has no additional functional limitations than those found by the ALJ, and Plaintiff's testing results were essentially normal. (Tr. 492-503). The only record which Plaintiff references in support of his claim that he is unable to function at the level found by the ALJ is dated from 2005, approximately eight years after the relevant time period and after Plaintiff's insured status expired. Thus, even if this Court accepted it as credible, this record has no relevance to this disability action. *See Pyland v. Apfel,* 149 F.3d 873, 876 (8th Cir. 1998) (holding that "[i]n order to receive disability insurance benefits, an applicant must establish that she was disabled before the expiration of her [or his] insured status"). Accordingly, in light of Plaintiff's arguments, this Court finds the ALJ's RFC determination is supported by substantial evidence and should be affirmed.

    **C.**    **Evaluation of the Listings**

Plaintiff claims the ALJ erred by "failing to conduct any meaningful analysis with regard to whether or not" he met any of the special sense and speech listings. ECF No. 10 at 10-11. Plaintiff claims the ALJ merely stated she had considered these Listings but did not provide any substantive review of any of these listings. *Id.*

As an initial matter, Plaintiff has the burden of establishing he meets or equals the requirements of one of these listings. *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004). Here, Plaintiff has provided no briefing establishing *how* his impairments meet the requirements of any one of these listings. ECF No. 10 at 10-11. Thus, Plaintiff has not met his burden of establishing

8

he meets the requirements of any of the special sense and speech listings, and this Court can summarily reject this argument on this basis alone. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (summarily rejecting conclusory assertions that ALJ failed to consider whether claimant met certain listings).

Further, despite Plaintiff's claim to the contrary, the ALJ was not required to perform any additional analysis regarding whether he met or equaled the requirements of any of these listings. In the present action, in light of Plaintiff's medical records, the ALJ made the following finding:

> Medical evidence does not indicate that the claimant's hearing loss or Meniere's Disease were of such severity as to meet or medically equal a listed impairment and thus render him disabled, prior to September 30, 1997 (the date last insured for disability insured benefits). Listed impairments related to the special senses and speech (found in section 2.00) were considered in making this determination.

(Tr. 14). Considering the fact Plaintiff has presented no medical records establishing his impairments meet or equal the requirements of any of the listings and because this Court also finds no such records, the ALJ's analysis on this issue was sufficient. *See Senne v. Apfel,* 198 F.3d 1065, 1067 (8th Cir. 1999) (holding that the ALJ need not make specific findings as to whether a claimant's impairments meet or equal the requirements of a listed impairment as long as the record provides substantial evidence supporting that determination).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of February, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE